[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**October 19, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 04-12527

_____

D. C. Docket No. 02-00444-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM L. TINER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 19, 2005)**

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

On November 5, 2002, a federal grand jury in Tampa indicted William L.

Tiner on four counts of personal income tax evasion and three counts of filing false

corporate tax returns. A jury convicted Tiner as to all seven counts. The district court sentenced Tiner to 60 months in prison followed by 36 months' supervised release, based in part on its finding of intended tax loss. The convictions arose from Tiner's treatment of the proceeds from his two companies, WLT Software ("WLT") and Allied Affiliates ("Allied"), as well as Tiner's use of a tax avoidance technique known as the AEGIS System, a complicated scheme involving transfers of income between various trusts to disguise the income as "management fees."

On appeal, Tiner argued that the evidence did not support his conviction and that the district court abused its discretion when it limited cross-examination, denied Tiner's motion for mistrial, admitted evidence of his prior failure to pay taxes, and failed to order the United States to produce an IRS agent as a witness. Finally, Tiner argued that the district court violated *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005) by calculating Tiner's offense level under the federal sentencing guidelines based upon facts neither proven to a jury nor admitted by Tiner (i.e., the amount of intended tax loss).

We review sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict. *United States v. Byrd*, 403 F.3d 1278, 1288 (11th Cir. 2005), *cert. denied Byrd v. United States*, ___ S.Ct. ___ (2005).

2

We review evidentiary rulings for abuse of discretion, *United States v. Hasner*, 340 F.3d 1261, 1274 (11th Cir. 2003); and may overturn findings of fact only upon clear error. *United States v. Griggs*, 735 F.2d 1318, 1325 (11th Cir. 1984). Likewise, we review a district court's denial of a motion for mistrial for abuse of discretion. *United States v. Wright*, 392 F.3d 1269, 1274 (11th Cir. 2004), *cert. denied*, *Wright v. United States*, 125 S.Ct. 1751 (2005).

When the defendant does not object to his sentence at the district court level, we review his sentence using the plain error standard. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), *reh'g en banc denied*, 406 F.3d 1261 (11th Cir. 2005), *cert. denied*, *Rodriguez v. United States*, 125 S.Ct. 2935 (2005).

Tiner argues that the government failed to prove the scienter element of his offenses, relying on an affirmative defense of good faith reliance. *See United States v. Eisenstein*, 731 F.2d 1540, 1543 (11th Cir. 1984). Tiner points to a purported admission by Michael Maricle, a certified public accountant who promoted the AEGIS system to him, that Tiner gave him full disclosure. He argues that this statement precludes a conviction, and that therefore the evidence was not sufficient for the jury to convict him. At trial, however, the government presented evidence, including a cautionary IRS notice, that tends to show that Tiner relied on the advice in bad faith, thus undermining Tiner's defense.

3

Because we must view the evidence in the light most favorable to the government and draw all reasonable inferences in favor of the jury's verdict, the convictions must stand. A jury could reasonably infer that Tiner had knowledge of the unlawfulness of the AEGIS system and used it despite that knowledge.

Tiner next argues that the district court abused its discretion when it limited the cross-examination of IRS agent Richard F. Goodwill, an agent associated with the investigation who testified that Tiner had destroyed his bank records. We have held that the district court has discretionary authority to limit cross-examination, so long as the cross-examination is sufficient to satisfy the Confrontation Clause. *See United States v. Garcia*, 13 F.3d 1464, 1468 (11th Cir. 1994).

The district court did not abuse its discretion in sustaining the government's objection. Tiner was trying to establish that the government's investigation was not harmed or frustrated by Tiner's supposed destruction of evidence. The district court permitted Tiner to question the agent about his ability to obtain those documents from other sources. Tiner's additional questions about whether he found documents that an accountant would use and about the accuracy of the tax returns are irrelevant and sustaining the government's objection would not have caused a reasonable jury to have a different impression of the agent's credibility.

Tiner further argues that he was prejudiced because the government

4

announced a method of proving tax evasion, but later deviated from that method. Tiner argues that he was therefore entitled to a mistrial. The government's case did not deviate from the specific items method of proof, did not mislead the court or Tiner about the nature of the proof to be offered, and did not result in pervasive prejudice that warrants a finding of bad motive. Therefore, the district court did not abuse its discretion in denying the motion for mistrial.

Tiner additionally argues that the district court abused its discretion for admitting evidence of Tiner's prior failure to pay taxes because it is character evidence based on prior bad acts. In addition, Tiner claims that the court should have excluded the evidence as more prejudicial than probative.

The district court here properly admitted the evidence and gave the appropriate limiting instruction to the jury. The court reasoned from the bench that because tax evasion is a specific intent crime, this evidence could be admitted to show intent to wilfully evade taxes. Because the evidence would show that Tiner had underreported his income in years before he claimed to rely on accountants' and attorneys' advice, the evidence would tend to show that he intended to evade his taxes in the later years when he was purportedly relying on advice. *See United States v. Dixon*, 698 F.2d 445, 447 (11th Cir. 1983) (finding that failure to report tax liability in 1977 was relevant to intent to fail to report tax liability in 1975 and

1976). In addition, the evidence's probative value outweighed any prejudicial effect.

Tiner further contends that the district court's failure to order the government to produce Charles F. Felthaus, Chief of the Accounting Branch of the International Section of the IRS, violated his due process and confrontation rights. According to Tiner, Maricle had given Tiner a letter that Felthaus had written to an attorney in Solana Beach, California. In his motion to compel, Tiner noted that he was unable to locate Felthaus to subpoena him for trial. Tiner sought to compel the government to produce Felthaus or, in the alternative, to provide a valid address for him.

In this case, Tiner did not subpoena Felthaus because he could not locate him. The district court ruled that the government had no obligation to produce Felthaus, but that Tiner was free to do so. The court did not abuse its discretion because it did not deny Tiner process. Rather, Tiner failed to locate Felthaus, despite the fact that he knew about Felthaus for two months. Tiner cannot be said to have asserted the right to compulsory process because he was not diligent in seeking Felthaus out for himself. Because the right to compulsory process must "be preceded by deliberate planning and affirmative conduct," the right was not violated. *See Taylor v. Illinois*, 484 U.S. 400, 410 (1988).

Finally, in regards to his *Booker* claim, Tiner appears to concede that he did

6

not object to the sentence on *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000), *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004), or *Booker* grounds below. Instead, Tiner argues that he should be excused from the requirement that he object below because *Blakely* was only two days old, and therefore that he should not be charged with notice of the case's application to the federal sentencing guidelines.

We generally have not excused the failure to preserve a claim, even when it appears to be foreclosed by precedent. *See United States v. Levy*, 416 F.3d 1273 (11th Cir. 2005). In this case, Tiner not only had the benefit of *Apprendi*, but he also had the benefit of *Blakely* itself. That *Blakely* was issued a mere two days before Tiner's sentencing is irrelevant because a competent defense attorney would keep a close eye on relevant pending Supreme Court cases.

Tiner claims that the district court committed Sixth Amendment error by enhancing his sentence on the basis of facts not found by the jury, *i.e.* the amount of tax loss. *See United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005). While the court sentenced him on this basis, committing plain error, Tiner has not met his burden of proving prejudice. He makes no argument with regard to whether his substantial rights were affected. Therefore, Tiner has not carried his burden and cannot show Sixth Amendment error.

7

We have held that under *Booker*, the district court committed statutory error if it sentenced a defendant under a mandatory sentencing guidelines scheme. *Shelton*, 400 F.3d at 1330. As with Sixth Amendment error, the appellant bears the burden of showing prejudice based on statutory error. Tiner has made no argument that the district court would have sentenced him differently under an advisory guidelines scheme. Therefore, he has not met his burden of proving the third prong of the plain error standard, and we are not permitted to exercise its discretion to recognize the district court's error.

Therefore, we AFFIRM.

**AFFIRMED.**